JUDGE ROBERTSON
delivered the opireroir of the cotjbt. '
In this action for tort in unlawfully taking and converting’the appellant’s horse in October, 1862, which one party treated as trespass and the other trover, the jury found for the appellees on an instruction on the statute of limitations.
An act of February, 1864 (Myers’s Supplement, 598), provides, in effect, that as the courts 'had been suspended in Wolfe and some other neighboring counties by the “ rebellion, no statute of limitation shall run against any cause of action therein from the 1st of May, 1861, until the courts shall be again opened to the citizens thereof.”
The courts in these counties were not re-opened until the fall of the year 1865, and this suit was brought in *546 April, 1868; consequently an elision of the time from the accrual of the cause of action to the re-opening of the courts leaves less than five years; and if this statute be law, the circuit court erred in instructing the jury that the action was barred. It is law in this case unless, as the circuit judge seemed to think, it was constructively repealed by the act of February, 1866 (Myers’s Supplement, 724), providing for a suspension of limitation from the first of April, 1861, to the restoration of the habeas corpus in Kentucky, and one year thereafter. The privileges of the habeas corpus were restored to all the citizens of this state in November, 1865; and as more than a year had elapsed from that time to the commencement of this action, it is barred if this act repealed that of 1864, applying to Wolfe and other specified counties only.
But it seems to us that there is no incompatibility between the two enactments. The first applies only to the citizens of specified counties, the other to the entire state, extending the suspension where it did not previously apply. But, moreover, the reason of the two acts was altogether different. The occlusion of certain courts was the sole cause of the first — the suspension of the habeas corpus was the only motive for the other. And, as long as the courts continued closed, the legislative policy of suspending limitation for the conclusive reason that remedy was suspended also continued the act of 1864. There can not therefore be a constructive repeal of the act of 1864, which consequently rules this case.
Wherefore the judgment is reversed, and the cause remanded for a new trial.